UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GAOMING XIAO,

                Petitioner,

    v.

PAMELA BONDI, *et al.*,

                Respondents.

Case No. 26-cv-00563-RSM

AMENDED[1] ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## I.      INTRODUCTION

This matter comes before the Court on a petition for habeas relief. Dkt. #5. Petitioner argues his continued detention after an Immigration Judge granted him withholding of removal violates his Due Process rights and seeks injunctive relief preventing Respondents from re-detaining him without an initial hearing before a neutral decisionmaker or removing him to a third country without notice and meaningful opportunity to respond. *Id*. Mr. Xiao filed the petition on February 27, 2026. *Id*. On March 4, 2026, Petitioner was released from detention. Dkt. #8. On March 13, 2026, the Government filed a Reply arguing the Petitioner's claim is moot as he failed to amend the petition upon release, seeks relief similar to an existing certified class, and asserts speculative claims of future harm from third-country removal. Dkt. #10 at 2. The Court considers the remaining question, whether the Government's plan to remove Petitioner under its third-county removal policy violates constitutional and statutory requirements. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkt. #10, a Reply, Dkt. #13, and the remainder of the record.

---

[1] This Order replaces the Order at Dkt. #14 issued June 26, 2026, pursuant to Rule 60(a). This amended order corrects the age of the Petitioner with no other changes.

AMENDED ORDER GRANTING IN PART PETITION OF HABEAS CORPUS - 1

For the reasons stated herein, the Court GRANTS IN PART Petitioner's petition.

## II.    BACKGROUND

Petitioner is a forty-four-year-old citizen of China. According to the petition, in August 2024, Mr. Xiao attended a Christian prayer session that was raided by police, where he and others were arrested, held for days in a jail, and beaten. Dkt. #5. The petition indicates China is officially an atheist state, and its current President has implemented a systematic policy agenda targeting religious groups nationwide, detaining, arresting, and incarcerating individuals. *Id.* Petitioner entered the United States on November 14, 2024, after fleeing China due to religious persecution. *Id*. Petitioner was immediately detained by ICE then transferred to Northwest Ice Processing Center ("NWIPC") on December 3, 2024. Dkt. #13 at 1. On July 2, 2025, while in custody, an Immigration Judge granted Petitioner withholding of removal to China under INA § 241(b)(3). Dkt. #10 at Ex. E. Petitioner was released from detention on March 4, 2026. Dkt. #8.

The Government states that they have yet to identify a third country for removal and that the Department of Homeland Security (DHS) has policy in place with "the indication that Petitioner will be provided with prior notice and the opportunity to present a fear of removal to any third country." Dkt. #10 at 7-8.

## III.    DISCUSSION

### A. Legal Standard

Federal courts have authority to grant writs of habeas corpus to an individual in custody if it is in "violation of the Constitution or law or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis,* 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); *Demore v. Kim,* 530 U.S. 510, 517, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003).

ORDER GRANTING IN PART PETITION OF HABEAS CORPUS - 2

Federal courts may resolve habeas matters "as law and justice require," 28 U.S.C. § 2243, and are not limited to the "relief that may be granted to discharge of the applicant from physical custody." *Carafas v. La Valle,* 391 U.S. 234, 239, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968). District courts "enjoy 'broad' discretion in fashioning remedies for habeas relief." *Johnson v. Uribe.* 700 F.3d 413, 425 (9th Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775, 017 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *See Francisco Lorenzo v. Bondi,* Case No. 2:25-cv-02660-LK, 2026 U.S. Dist. LEXIS 17406, 2026 WL 237501, *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman v. Wolf,* 977 F.3d 935, 941-42, 2020 U.S. App. LEXIS 32236 (Oct. 13, 2020)).

For a permanent injunction the plaintiff must demonstrate (1) that they suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserviced by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126, S. Ct. 1837, 164 L. Ed. 2d 641 (2006). Once a constitutional right and violation is shown, the district court's "power to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *See Roman,* 977 F.3d 935 (2020) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15, 91 S. Ct. 1267, 28 L. Ed. 2d 554 (1971)).

**B. Analysis**

    **1. The Government must follow the law governing third country removal**

ORDER GRANTING IN PART PETITION OF HABEAS CORPUS - 3

Petitioner seeks an order prohibiting his removal to a third country without notice and a meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings. No third country has been designated in the removal order. The Government has indicated they have not yet identified a suitable country to remove Mr. Xiao. Nonetheless, absent an injunction, there is an imminent threat that Petitioner will face third-party removal without constitutionally and statutorily required procedures. *See Gebrekidan v. Clark* No. C06-1657-RSL-JPD, 2006 U.S. Dist. LEXIS 83687, 2006 WL 3337369 (W.D. Wash. Nov. 16, 2006); *Acosta-Ginori v. Bondi*, No. 2:25-CV-02649-RAJ, 2026 U.S. Dist. LEXIS 16060, 2026 WL 221509, *6 (W.D. Wash. Jan. 28, 2026); *Wana v. Bondi,* No. 25-cv-2321, 2025 U.S. Dist. LEXIS 258932, 2025 WL 3628634, *5 (W.D. Wash. Dec. 15, 2025).

The Government argues this relief makes Petitioner a member of the class certified in *D.V.D. v. Department of Homeland Sec.*, F.Supp.3d, 2-26 WL 521557 (D.Mass. Feb. 25, 2026), binding him to those proceedings. Dkt. #10 at 7. Further, the Government asserts that the Department of Homeland Security's internal policy—the March 30 and July 9 memoranda—"provides the process Petitioner seeks as well as the indication that Petitioner will be provided with prior notice and the opportunity to present a fear of removal to any third country[.]" *Id*. The Court is unpersuaded by the Government's argument that DHS has existing policy that provides Petitioner with the relief he seeks, as those policies are merely an "indication" not a guarantee. Further, the memoranda allow third country removal without further procedures when ICE obtains "diplomatic assurances from the country of removal that [non-citizens] removed from the United States will not be persecuted or tortured[,]" "if the Department of State believes those assurances to be credible," and in exigent circumstances execution of a removal order in as little as six hours of serving notice. Dkt. #5 at Ex. 1.

ORDER GRANTING IN PART PETITION OF HABEAS CORPUS - 4

In *Aden v. Nielsen,* the court held "[a] non-citizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation," including the right to a reopened removal hearing in front of an impartial decisionmaker. 409 F. Supp. 3d. 998, 1009 (W.D. Wash. 2019). The Court is persuaded by *Aden's* reasoning. *Id. Aden's* requirements "flow directly from binding Ninth Circuit precedent about due process protections before removal to a third country" and DHS's policy outlined in the memoranda "contravenes Ninth Circuit law." *Phong Thanh Nguyen v. Scott*, 796 F. Supp.3d 703, 727, 2025 U.S. Dist. LEXIS 162859, 2025 WL 2419288 (Aug. 21, 2025).

### 2. *D.V.D.* does not preclude Petitioner's relief

The Court is unpersuaded by the Government argument that Mr. Xiao's claim should be declined as "a matter of comity because the District of Massachusetts has certified a class action that includes the same claim," making him a "member of the Plaintiff Class certified in *D.V.D.* [which binds him to] the proceedings in that case." Dkt #10 at 6-7. Numerous courts have found the Supreme Court's emergency stay of the *D.V.D.* injunction neither binding nor persuasive as it provides no reasoning and is too vague to apply in similar matters. *See Arenado-Borges v. Bondi,* No. C25-2193, 2025 U.S. Dist. LEXIS 263058, 2025 WL 33687518, *5-6 (W.D. Wash. Dec. 19, 2025); *Baltodano v. Bondi,* No. C25-1958, 2025 U.S. Dist. LEXIS 250760, 2025 WL 3484769, *3 (W.D. Wash. Dec. 4, 2025); *Abubaka v. Bondi,* No. C25-1889, 2025 U.S. Dist. LEXIS 225 914 2025 WL 3204369, *2 (W.D. Wash. Nov. 17, 2-25); *Nguyen v. Scott,* 796 F. Supp. 3d at 729-732. The *Nguyen* court found "the class certification order in *D.V.D.* does not prevent this Court from adjudicating Petitioner's claims regarding third-country removal," and without "clear guidance from the Supreme Court" this Court must follow well-established precedent." 796 F. Supp. 3d at 729-32.

ORDER GRANTING IN PART PETITION OF HABEAS CORPUS - 5

This Court adopts the analysis and finding of the *Nguyen* court here. Further, Mr. Xiao's due process claim differs from the *D.V.D.* class action because he is seeking individual habeas relief as opposed to systemic and class-wide relief. *See Nguyen*, 796 F. Supp. 3d at 730; *Arenado-Borges*, 2025 U.S. Dist. LEXIS 263058, WL 3687518, *5-6.

Therefore, the class certification order in *D.V.D.* does not prevent this Court's adjudication of Petitioner's claim for individual relief.

### 3. Scope of Relief

Mr. Xiao requests he be provided with constitutionally and statutorily compliant notice and a meaningful opportunity to respond and contest the removal to a third country. Dkt. #5 at 23 and 26. Mr. Xiao's request is similar to relief numerous courts have found appropriate for non-citizens facing similar circumstances. *See Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 2025 U.S. Dist. LEXIS 225933, 2025 WL 3204724 (Nov. 17, 2025); *Ramos v. Noem et al.*, No. 5:26-CV-00064-MEMF-ADS, 2026 U.S. Dist. LEXIS 23661, 2026 WL 303536, *8 (C.D. Cal. Feb. 4, 2026); *Lapshin v. Bondi*, No. C25-2245-KKE, 2026 U.S. Dist. LEXIS 4452, 2026 WL 71407, *5 (W.D. Wash. Jan. 9, 2026). This request is justified by the record. The Court is unpersuaded by the Government's argument that "Petitioner cannot identify which specific third country he fears removal to because of its punitive nature, why his feared harm is likely to occur in the event of his removal to said third country, or any circumstances that would make such removal punitive in his case." Dkt. #10 at 8. Petitioner has never had the opportunity to develop evidence regarding conditions for any third country, because no third country was identified during his removal proceedings. The twenty-four hours (or as little as six hours) proposed by the DHS memoranda would not afford him a "meaningful opportunity" to contact counsel, research conditions in an unfamiliar country, and assert a fear-based claim. *See* Dkt. #5 at Ex. 1.

ORDER GRANTING IN PART PETITION OF HABEAS CORPUS - 6

The court concludes that Petitioner's proposed relief is appropriate to ensure "a reasonable opportunity to raise and pursue his claim for withholding of deportation." *Aden*, 409 F. Supp. 3d at 1009. Mr. Xiao has met the requirements for injunctive relief. *See eBay*, 547 U.S. at 391. The record establishes a "cognizable danger" that the Government will remove him to a third country without adequate due process. *Cumming v. Connell,* 316 F.3d 886, 897 (9th Cir. 2003). Monetary damages are inadequate to compensate for such injury. The balance of hardship and public interest favor relief since the injunction requires merely complying with established legal precedent. *See Francisco Lorenzo,* 2026 U.S. Dist. LEXIS 17406.

### IV.   CONCLUSION

Accordingly, having reviewed the certified petition, responsive briefing, the Declaration and Exhibits attached thereto, and the remainder of the record, the Court ORDERS:

1. The Court DECLINES to address the permanent injunction barring Respondents from removing Petitioner to any third country.

2. The Court GRANTS Petitioner's writ of Habeas Corpus and ENJOINS Respondents from removing or seeking to remove Petitioner to any country not designated on his order of removal without providing Petitioner with notice and a meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings.

3. This matter is now CLOSED.

DATED this 1st day of July, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PETITION OF HABEAS CORPUS - 7